UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JOSHUA PETER LINDSEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:13-cv-00068-JMS-WGH |
| ) | |
| RICHARD BROWN W.V.C.F. ) | |
| Superintendent, ) | |
| B. SCOTT W.V.C.F. Correctional Custody ) | |
| Officer, ) | |
| JACK SCHMIDT Sergeant, W.V.C.F. ) | |
| Correctional Custody Officer, ) | |
| ) | |
| Defendants. ) | |

**Entry Denying Motion for Preliminary Injunction and Order to Show Cause**

Plaintiff Joshua Lindsey, a State prisoner, filed this civil action alleging that the defendants used excessive force against him in retaliation for a small claims lawsuit Lindsey previously filed. Lindsey now claims that he is exposed to a substantial threat for additional injuries due to the denial of recreational time and the conditions of his confinement if he remains at the Wabash Valley Correctional Facility ("WVCF").

**I. Injunctive Relief**

Lindsey's motion for preliminary injunction seeks an order requiring the defendants to transfer him out of WVCF to another facility and to pay money damages. For the reasons explained below, the motion for preliminary injunction [dkt. 22] is **denied.**

To prevail on his motion, Lindsey must establish: (1) a reasonable likelihood of success on the merits; (2) there is no adequate remedy at law; (3) he will suffer irreparable harm which,

absent injunctive relief, outweighs the irreparable harm the respondent will suffer if the injunction is granted; and (4) the public interest will not be harmed by the injunction. *See Goodman v. Ill. Dep't of Fin. and Prof'l Regulation,* 430 F.3d 432, 437 (7th Cir. 2005); *see also Promatek Indus., Ltd. v. Equitrac Corp.,* 300 F.3d 808, 811 (7th Cir. 2002); *Abbott Labs. v. Mead Johnson & Co.,* 971 F.2d 6, 11 (7th Cir. 1992). The balancing for this test involves a sliding scale analysis: the greater plaintiff's chances of success on the merits, the less strong a showing plaintiff must make that the balance of harm is in his favor. *Storck v. Farley Candy Co.,* 14 F.3d 311, 314 (7th Cir. 1994).

The first question, therefore, is whether Lindsey has a reasonable likelihood of success on the merits. On this point, the answer is that he has an exceedingly slim likelihood of success on the merits.

Lindsey alleges that custody officers intentionally injured him, but he has not provided any credible evidence to corroborate his allegations. In fact, as the defendants correctly point out, Lindsey attached altered X-Ray documents in support of his claims of spinal injury. [Dkt. 4-1, 23 at p. 14.]  The alterations are as obvious as they are clumsy.  The X-Ray Consultation attached to his original Motion for Preliminary Injunction [dkt. 4] reads as follows:

**FINDINGS:**
AP and lateral views show __ evidence of fracture, subluxation or other acute bony abnormality. Vertebral body heights, disc interspaces and overall alignment are well maintained. Paraspinal soft tissues are unremarkable. No previous studies are available for comparison.

**CONCLUSION:**
Normal plain film views of the spine.

An even more altered version of the same purported findings is attached to Plaintiff's Amended Motion and Supporting Memorandum for Preliminary Injunction [dkt. 23, at 14]:

> **FINDINGS:**
> AP and lateral views show ~~evidence of fracture, subluxation and~~ ~~acute bony abnormality.~~ Vertebral
> body heights, disc interspaces and overall alignment are ~~disrupted.~~ ~~Paraspinal soft tissues are~~
> ~~remarkable.~~ No previous studies are available for comparison.
>
> **CONCLUSION:**
> Normal plain film views of the spine.

Not only does each version of the report fail to establish that the defendants used excessive force or injured Lindsey, both conclude that they are "normal plain film views of the spine." [Dkt. 4-1, dkt. 23 at 14.] The Court will address more fully its response to the mischaracterization of the report at the conclusion of the entry.

In addition, Lindsey's apparent attempt to expand the scope of his complaint to include the denial of recreation and other allegedly unconstitutional conditions of confinement is ineffective. The complaint cannot be amended through a motion for preliminary injunction.

Second, if Lindsey does prevail in this action his measure of damages is monetary and he therefore has an adequate remedy at law. In fact, Lindsey is seeking monetary compensation for alleged excessive force by custody officers resulting in spinal cord damage and specifically requests $550,000.00 for this injury. In addition, Lindsey has failed to show that a transfer to another facility is necessary or appropriate for his safety. Lindsey has not provided any proof that he is in any actual danger to warrant transfer from the WVCF to another facility.

The remaining factors do not weigh heavily, if at all, in favor of Lindsey obtaining relief at this point. There is no evidence the Lindsey will suffer irreparable harm if he is not transferred from WVCF and the public has an interest in the proper professional management of correctional facilities. Deference is given to prison administrators in running their facilities in order to accomplish the goals of prison systems. *See Overton v. Bazzetta*, 539 U.S. 126, 132 (2003) (Courts "must accord substantial deference to the professional judgment of prison administrators, who bear a significant responsibility for defining legitimate goals of a corrections system and for

determining the most appropriate means to accomplish them"). In other words, the relief sought by Lindsey in his motion for preliminary injunction would improperly violate the admonition that federal district courts are not to allow themselves to become "enmeshed in the minutiae of prison operations." *Lewis v. Casey,* 116 S. Ct. 2174, 2182 (1996)(citing *Bell v. Wolfish,* 441 U.S. 520, 562 (1979)).

For all of these reasons, Lindsey's motion for a preliminary injunction [dkt. 22] is **denied.**

## II.  Show Cause

As explained above, Lindsey submitted two altered versions of a document entitled X-Ray Consultation. The complete versions are attached Exhibits 1 and 2. These documents suggest that Lindsey has intentionally filed misleading and altered medical documents to fraudulently support his claims against the defendants. Consistent with Rule 11(c)(3) of the Federal Rules of Civil Procedure, Lindsey shall have **through September 12, 2013, in which to show cause** why the submission of the two versions of the document entitled X-Ray Consultation has not violated Rule 11(b) and why sanctions up to and including dismissal should not be imposed. *See Jackson v. Murphy*, 468 Fed. Appx. 616, 620, 2012 WL 759363, *3 (7th Cir. 2012) (holding that the sanction of dismissal was "entirely warranted" where plaintiff both perjured himself and forged a document critical to the prosecution of his case); *Thompson v. Taylor*, 473 Fed. Appx. 507, 509, 2012 WL 1035718, 2 (7th Cir. 2012) (finding district court did not err in determining that plaintiff's misrepresentation was fraudulent and grounds for dismissal); *Hoskins v. Dart*, 633 F.3d 541, 543 (7th Cir. 2011) (same); *see also Garcia v. Berkshire Life Ins. Co. Of America*, 569 F.3d 1174, 1180 (10th Cir. 2009) (finding severe sanction of dismissal was warranted where plaintiff submitted falsified evidence).

For Lindsey's reference, Rule 11 of the Federal Rules of Civil Procedure states:

**Rule 11. Signing Pleadings, Motions, and Other Papers; Representations to the Court; Sanctions**

(a) **Signature.** Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number. Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit. The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

(b) **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

  **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
  **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
  **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
  **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

(c) **Sanctions.**

  **(1)** **In General.** If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

  **(2)** **Motion for Sanctions.** A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

  **(3)** **On the Court's Initiative.** On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b).

**(4)  Nature of a Sanction.** A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

**(5)  Limitations on Monetary Sanctions.** The court must not impose a monetary sanction:

  **(A)**  against a represented party for violating Rule 11(b)(2); or
  **(B)**  on its own, unless it issued the show-cause order under Rule 11(c)(3) before voluntary dismissal or settlement of the claims made by or against the party that is, or whose attorneys are, to be sanctioned.

**(6)  Requirements for an Order.** An order imposing a sanction must describe the sanctioned conduct and explain the basis for the sanction.

**(d)  Inapplicability to Discovery.** This rule does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37.

**IT IS SO ORDERED.**

08/20/2013

*[signature]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

JOSHUA PETER LINDSEY
DOC 112177
Wabash Valley Correctional Facility
Electronic Service Participant -- Court Only

All Electronically Registered Counsel