UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JOSHUA PETER LINDSEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:13-cv-00068-JMS-WGH |
| ) | |
| RICHARD BROWN W.V.C.F. ) | |
| Superintendent, ) | |
| B. SCOTT W.V.C.F. Correctional Custody ) | |
| Officer, ) | |
| JACK SCHMIDT Sergeant, W.V.C.F. ) | |
| Correctional Custody Officer, ) | |
| ) | |
| Defendants. ) | |

**Entry Dismissing Action and Directing Entry of Final Judgment**

For the reasons explained below this action is dismissed with prejudice.

**Background**

Plaintiff Joshua Peter Lindsey filed this civil action alleging that Superintendent Brown ordered and continues to order Officers Scott and Schmidt to use brutal force against Lindsey in retaliation for Lindsey filing a small claims lawsuit against Superintendent Brown. As a result, Lindsey alleges, he has suffered permanent spinal cord damage and is permanently disabled. He seeks money damages and a transfer to another facility.

But these allegations were fabricated. Lindsey does not have permanent spinal cord damage nor is he permanently disabled. As explained in the Entry signed on August 20, 2013, plaintiff Joshua Peter Lindsey's submission of two versions of a document entitled X-Ray Consultation reflects that he has intentionally filed misleading and altered medical documents to

1

fraudulently support his claims against the defendants. Lindsey was given a period of time in which to show cause why the submission of the two versions of the document entitled X-Ray Consultation has not violated Rule 11(b) and why sanctions including dismissal should not be imposed.

Lindsey has responded by filing a slew of documents. See dkts. 49-58. All of these filings were reviewed by the Court.  Most relevant to the Order to Show Cause is the Motion to Accept Response to Order to Show Cause (dkt. 51) and Motion to Not Impose Sanctions (dkt. 54). The Motion to Not Impose Sanctions adequately reflects the plaintiff's response and is attached to this Entry as Exhibit 1.

Lindsey acknowledges that it was his "tactic to alter the X Ray Consultation . . . [to] get the immediate attention of this Court." Exh. 1 at 2. He suggests that the fraudulent documents were necessary because he was otherwise unable to provide documentation of a physical injury. *Id.* at 3. Further, he argues, if he were really trying to commit a fraud on the court he would have done a better job with his alterations. *Id.* at 7. He suggest that his tactic was a "cry for help," and reiterates his request for a transfer from his current place of incarceration.  Finally, he is "sorry if my unorthodox defense complaint documentation improvised tactic offended this Court." *Id.* at 7.

## Discussion

The Court has a full docket of cases brought by parties who, like Lindsey want the immediate attention of the Court. Lindsey's attempt to jump to the front of the line and secure preliminary relief in the form of a transfer to another prison by submitting fabricated documents to support his claim is a fraud on the Court. Lindsey's attempt to justify his actions as a litigation

"tactic" is rejected. Parties are not at liberty to create false evidence that they wish existed or to lie in order to procure a transfer. (Lindsey should be mindful that ordering transfers is generally not within this Court's authority. *See Bell v. Wolfish*, 441 U.S. 520, 547-48 (1979) (prison officials given wide-ranging deference regarding the day-to-day operation of a corrections facility); *Williams v. Faulkner*, 837 F.2d 304, 309 (7th Cir. 1988) ("[a]bsent some statutory or regulatory provision that clearly limits prison officials in their exercise of discretion, a prisoner may be transferred for any reason, or for no reason at all")).

In addition, it is now clear that this action is malicious and brought for purposes of harassment. *See Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003). Lindsey specifically sought to convince the court that the defendants caused him spinal cord injury and permanent disability. This is simply not true. The submission of documents with the purpose of proving that he has suffered a serious physical injury at the hands of the individual correctional officers is clearly a malicious attempt to harass the defendants and to manipulate his housing placement within the Indiana Department of Corrections. Neither the Court nor the Defendants should have to consider or respond to made up evidence.

The Supreme Court has pointed out that "federal trial judges are undoubtedly familiar with two additional tools that are available in extreme cases to protect public officials from undue harassment: Rule 11, which authorizes sanctions for the filing of papers that are frivolous, lacking in factual support, or 'presented for any improper purpose, such as to harass'; and 28 U.S.C. § 1915(e)(2) (1994 ed. Supp. II), which authorizes dismissal 'at any time' of *in forma pauperis suits* that are 'frivolous or malicious.'" *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998). Both tools shall be utilized in this case.

Rule 11(c)(4) of the *Federal Rules of Civil Procedure* provides that "[a] sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." This Court finds that dismissal of this action with prejudice is the appropriate sanction. *See Jackson v. Murphy*, 468 Fed. Appx. 616, 620, 2012 WL 759363, *3 (7th Cir. 2012) (holding that the sanction of dismissal was "entirely warranted" where plaintiff both perjured himself and forged a document critical to the prosecution of his case); *Thompson v. Taylor*, 473 Fed. Appx. 507, 509, 2012 WL 1035718, 2 (7th Cir. 2012) (finding district court did not err in determining that plaintiff's misrepresentation was fraudulent and grounds for dismissal); *Hoskins v. Dart*, 633 F.3d 541, 543 (7th Cir. 2011) (same); *see also Garcia v. Berkshire Life Ins. Co. Of America*, 569 F.3d 1174, 1180 (10th Cir. 2009) (finding severe sanction of dismissal was warranted where plaintiff submitted falsified evidence). No relief should be granted in a case when evidence is purposefully manufactured to support false allegations, gain the court's attention, harass the defendants, and obtain a transfer to another prison or other relief. Lindsey, like many other prisoners is indigent, making monetary sanctions not feasible.

In addition, this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2). This statute directs the court to "dismiss the case at any time if the court determines that" the action is malicious. As stated above, the Court has determined that this action was brought with the purpose of defrauding the Court and harassing the defendants and the Indiana Department of Corrections. The result of this finding is that the case is also subject to dismissal on this basis and Lindsey incurs a "strike" pursuant to 28 U.S.C. § 1915(g).

Given the dismissal of this action, all pending motions [dkts. 49, 51, 53, 54, 55, 56, 57, and 58] are **denied as moot.**

**IT IS SO ORDERED.**

Date: 09/11/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

JOSHUA PETER LINDSEY
DOC 112177
Wabash Valley Correctional Facility
Electronic Service Participant -- Court Only

All Electronically Registered Counsel

5